

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# USA v. Flores-Santos

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Flores-Santos" (2008). *2008 Decisions.* Paper 1446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――

No. 06-3858

―――

UNITED STATES OF AMERICA,

v.

JOSE FLORES-SANTOS,

Appellant

―――

On Appeal from the Judgment of the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:05-cr-00068-1)
District Judge: Honorable Sylvia H. Rambo

―――

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2008

Before: McKEE, AMBRO, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

(Filed March 14, 2008)

―――

OPINION

―――

―――――――――

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

IRENAS, *Senior United States District Judge.*

Following a one-day jury trial, Jose Flores-Santos was convicted of hindering

removal from the United States in violation of 8 U.S.C. § 1253(a)(1)(B), and was

sentenced to seventy-seven months imprisonment and three years of supervised release.

Flores-Santos appeals, arguing that the District Court erred in precluding his justification

defense and in sentencing him to an unreasonable term of imprisonment in light of his

diminished mental capacity. He further contends that there is a possibility that the

sentence may be in violation of the statutory mandatory maximum under 8 U.S.C. §

1253(a)(1)(B). For the reasons set forth below, we will affirm.

I.

Flores-Santos, a native and citizen of El Salvador, was ordered deported from the

United States on November 18, 1992, and April 25, 1996. (App. 32, 40). He did not

apply for relief from either order, and was deported on both occasions. After his 1996

deportation, Flores-Santos illegally reentered the United States in March, 1997.

Thereafter, from November of 2000 to February of 2001, Flores-Santos was arrested on

three occasions. On March 8, 2001, the Immigration and Naturalization Service ("INS")[1]

sent Flores-Santos a notice of intent to reinstate his prior order of deportation pursuant to

_____

[1] On March 1, 2003, the INS ceased to exist, and its functions were transferred to the
Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L.No. 107-296,
110 Stat. 2135 (Nov. 25, 2002).

section 241(a)(5) of the Immigration and Nationality Act.[2] (App. 43). That September, however, Flores-Santos was sentenced to a term of imprisonment of eighteen months to three years after pleading guilty to attempted sexual abuse, and was incarcerated until February 6, 2004.[3]

Just prior to his release, on January 29, 2004, the INS reinstated Flores-Santos's prior order of deportation. (App. 43). In March Flores-Santos was taken to the Consulate of El Salvador to process his deportation order. There, he refused to sign and fingerprint a travel document to effectuate his deportation to El Salvador, and verbally expressed refusal to cooperate. On February 9, 2005, Flores-Santos was indicted on one count of hindering removal from the United States, and was subsequently tried and convicted. The District Court sentenced him to seventy-seven months imprisonment.

## II.

Flores-Santos challenges the District Court's decision precluding him from presenting a justification defense at trial. Flores-Santos sought to offer the affirmative defense that he was justified in hindering his removal to El Salvador because he

---

[2] *See also* 8 U.S.C. § 1231(a)(5); 8 C.F.R. 241.8.

[3] After his release from imprisonment, Flores-Santos attempted to seek asylum and withholding of removal, asserting that he feared harm by roving gangs in El Salvador. According to the Government, the following events occurred thereafter. In September of 2004, immigration authorities interviewed Flores-Santos. On October 8, 2004, an asylum pre-screening officer determined that his fear was not reasonable. This determination was approved by a supervisor on October 13, 2004, and affirmed again by an immigration judge on November 1, 2004. (App. 83-4). Flores-Santos did not appeal.

subjectively feared being killed by "wandering gangs that the government cannot or will not control." (App. 82).

The government, at a pre-trial conference, argued that Flores-Santos could not support prong one or three of the justification defense set forth in *United States v. Dodd,* which requires that a defendant show:

> (1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm.

*United States v. Dodd*, 225 F.3d 340, 342 (3d Cir. 2000)(reciting the requirements of a justification defense for a defendant charged as a felon in possession). The trial court agreed with the Government and found that the evidence was insufficient to support a justification defense. It thus precluded Flores-Santos from raising this defense at trial.[4]

"A court may rule on a pretrial motion to preclude a defendant from presenting [an affirmative] defense where the government contends that the evidence in support of that position would be legally insufficient." *See United States v. Miller*, 59 F.3d 417, 421 n.1 (3d Cir. 1995) (barring duress defense pretrial when defendant lacked evidence to support

---

[4] We have plenary review over whether Flores-Santos presented sufficient evidence to the District Court to support a justification defense. *See United States v. Paolello*, 951 F.2d 537, 539 (3d Cir. 1991).

such a defense).[5] Flores-Santos did not present any evidence in support of his subjective fear of returning to El Salvador, either pretrial or on appeal. Thus, the District Court did not err in barring the justification defense.

III.

Flores-Santos next contends that his sentence is unreasonable because, in considering the 18 U.S.C. § 3553(a) factors, the District Court did not give adequate weight to the argument that his brain damage, caused by alcoholism, left him "with little or no ability to judge his actions." We review the District Court's sentencing decision for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597-98 (2007). This review is limited to determining whether the sentence imposed was "reasonable." *Id.* at 594; *United States v. Booker,* 543 U.S. 220 (2005); *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). A sentence within the guideline range may be presumed reasonable. *See Rita v. United States,* 127 S. Ct. 2456, 2462 (2007); *Gall,* 128 S. Ct. at 597. Appellant bears the burden of proving the unreasonableness of a sentence. *Cooper*, 437 F.3d at 332.

The District Court, faced with a guideline range of seventy-seven to ninety-six

---

[5] *See also United States v. Naovasaisri*, 150 Fed. Appx. 170, 175 (3d Cir. 2005) (affirming the District Court's precluding Naovasaisri "from presenting a defense of duress at trial because he failed to establish a prima facie case of duress."); *cf United States v. Bailey*, 444 U.S. 394, 416 (1980) (where "an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.").

months, sentenced Flores-Santos to a term of seventy-seven months. After adopting the pre-sentence report ("PSR") over Flores-Santos's objections, the Court considered the mental capacity argument at the sentencing hearing. It heard Flores-Santos's argument on his history of severe alcoholism, which included discussion of Dr. Hume's report.[6] It discussed the relevant § 3553(a) factors, specifically acknowledging that in sentencing Flores-Santos to the lowest end of the guideline range, it considered his "mental problems" and the findings in Dr. Hume's report. (App. 239). The record is clear that, contrary to Flores-Santos's contention, the District Court gave more than "lip service" to his capacity argument.[7] In light of the evidence and the arguments presented both pretrial and at sentencing, there is nothing in the record to suggest that the sentence imposed was unreasonable.

---

[6] Due to defense counsel's concern about Flores-Santos's mental state before trial, the District Court ordered a mental status examination and appointed Dr. John M. Hume, M.D., J.D., to perform the examination and prepare a report of his findings. Dr. Hume opined that Flores-Santos has organic brain damage, "which most likely has arisen from past alcohol abuse," adjustment disorder with anxiety and depressive features, and alcohol dependence with "possible mild Kosakoff symptoms (difficulty with memory, resulting in confabulation)." (Hume Rpt. 4-5).

[7] In addition to considering the capacity argument, the District Court addressed and ultimately rejected each of Flores-Santos's other grounds for requesting a sentence reduction. It rejected Flores-Santos's objections to the PSR's criminal history findings after a probation officer confirmed that, despite Flores-Santos's contentions, he was, in fact, convicted of the crimes listed in the PSR. (App. 223-24). It rejected his request for a reduction due to his alleged cooperation because such motion must come from the government. (App. 233). It further found that Flores-Santos was a recidivist, due to his two prior deportations and the current crime of hampering removal, and that "substantial deterrence is necessary."

IV.

Lastly, Flores-Santos notes for the first time that his conviction *may* violate the four-year statutory maximum sentence set forth in 8 U.S.C. § 1253(a)(1). This section also contains a ten- year maximum "if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 1227(a) of this title[.]" Flores-Santos does not present a proper legal argument for this Court to review. He states,

> [c]ounsel would also note that on review of the statute of conviction there does appear to be an issue of whether Mr. Flores-Santos is subject to a four (4) or ten (10) year maximum. If the four (4) year maximum applies, the sentence of seventy-seven months is illegal.

(Flores-Santos Br. 19). He concedes that it is "probable" that he is subject to the ten-year maximum, but suggests that it would be "prudent for this Court to remand this case to determine if, perhaps, the four (4) year maximum applies." (Id. at 21).

Because Flores-Santos merely calls attention to a possible issue at the close of his brief, we have no moment to address it. *See Simmons v. Philadelphia*, 947 F.2d 1042, 1065-66 (3d Cir. 1991)(" a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal.").[8]

V.

---

[8] Moreover, the issue appears to be unmeritorious. As Flores-Santos essentially admits, he falls within a class of individuals covered by the ten-year statutory maximum; namely, the class of aliens who have committed crimes involving moral turpitude that meet the requirements of 8 U.S.C. § 1227(2). He has a lengthy criminal history that includes attempted sexual abuse in 2001. Flores-Santos pled guilty and served a term of imprisonment for this crime, which his counsel notes is likely a crime involving moral turpitude.

For the reasons set forth above, the judgment of conviction of the Middle District of  Pennsylvania will be affirmed.